IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LIAM ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-935 (RDA/JFA) |
| ) | |
| HILTON HOTELS WORLDWIDE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Hilton Hotel's and Defendant Christopher Nassetta's[1] (collectively, "Defendants") Motion to Dismiss ("Motion to Dismiss"). Dkt. 3. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered Defendants' Motion to Dismiss together with its Memorandum in Support (Dkt. 4) and Plaintiff Liam Alexander's ("Plaintiff") *pro se* Complaint (Dkt. 1), this Court GRANTS Defendants' Motion to Dismiss (Dkt. 3) for the reasons that follow.

### I. BACKGROUND

On July 17, 2023, Plaintiff Liam Alexander,[2] proceeding *pro se*, filed a Complaint, Dkt. 1, with this Court along with a Motion to Proceed *In Forma Pauperis*, Dkt. 2. Plaintiff alleges that

---

[1] The Complaint names "Christopher Nassass" as a Defendant, Dkt. 1 at 2, but the name of the individual Defendant appears to be "Christopher Nassetta," Dkt. 4 at 1. For the sake of clarity, the Court will refer to this Defendant by his correct name.

[2] It appears that the name "Liam Alexander" is an alias for Sean Finnegan who has a history of using the alias to file frivolous litigation in various district courts. *See e.g., Alexander v. Dep't of Homeless Servs.*, No. 22-CV-10160 (LTS), 2022 WL 17741495, at *1 (S.D.N.Y. Dec. 8, 2022) (noting that the case was one of multiple cases that "purports to be brought by 'Liam Alexander'

Defendants breached a contract. Plaintiff does not specify what contract Defendants have allegedly breached, but appears to allege that, as a result, Plaintiff was "illegally evicted, threatened, harassed [sic], intimidated, robbed, abused, [and] caused catastrophic personal and professional damages, as well as life-threatening and near fatal medical complications." Dkt. 1 at 4. Plaintiff also alleges that Defendants fraudulently charged his bank cards, held his "HH points" hostage, stole his luggage, failed to "surrender property, failed to comply with cease and desist," and engaged in various other misconduct. *Id.* Among other relief, Plaintiff seeks an award of $5,000,000.00. *Id.*

On August 7, 2023, Defendants moved to dismiss the Complaint. Dkt. 3. Defendants also filed a Roseboro Notice informing Plaintiff of the consequences of not filing a timely response to Defendants' Motion on August 7, 2023. Dkt. 6. On October 17, 2023, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*. Dkt. 8. To date, Plaintiff has neither filed a response to Defendants' Motion nor requested an extension of time to file a response.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In considering a Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction exists. *United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial

---

but appears actually to have been filed by Sean Finnegan, who is barred from proceeding *in forma pauperis*").

2

resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a Rule 12(b)(1) motion. First, and as Defendants do here, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* However, conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

Alternatively, a Rule 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Under this latter approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

B. Rule 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)

(citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

III. ANALYSIS

Plaintiff appears to be attempting to bring a breach of contract claim against Defendants. Dkt. 1 at 4. Defendants' Motion to Dismiss asserts several grounds for dismissing the Complaint. First, Defendants urge the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff fails to raise any federal question in his Complaint. Dkt. 4 at 3. Second, Defendants ask the Court to dismiss the Complaint under Rule 12(b)(4) for insufficient process, as Plaintiff attempted to serve Defendants without the required summons. *Id.* at 3-4. Third, Defendants move the Court to dismiss the Complaint pursuant to Rule 12(b)(5) for insufficient service because Plaintiff effectuated service of the Complaint via email. *Id.* at 4. Fourth, Defendants seek dismissal under Rule 12(b)(2), for lack of personal jurisdiction, because both process and service were insufficient. *Id.* Finally, Defendants argue that the Complaint should be dismissed under Rule 12(b)(6) for failure to state

4

a claim upon which relief can be granted, asserting that the Complaint does not plausibly allege any claim against Defendants. *Id.* at 4-5. The Court will begin by addressing the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

## A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As such, this Court's jurisdiction is restricted to the categories of cases articulated in Art. III, § 2, cl. 1 and is "further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* Congress has conferred on federal courts two primary bases for subject matter jurisdiction: federal question jurisdiction under U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). Although Plaintiff only explicitly invokes federal question jurisdiction in his Complaint, *see* Dkt. 1 at 3 (checking the box for federal question jurisdiction), this Court will consider whether it has either federal question jurisdiction or diversity jurisdiction over the instant action.

### 1. Federal Question Jurisdiction

Plaintiff asserts that the basis for jurisdiction in this matter is federal question jurisdiction. Dkt. 1 at 3. Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, "[t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Federal question jurisdiction can be established by showing that federal law creates a cause of action or "the presence of a federal issue in a state-created cause of action." *Merrell Dow*, 478 U.S. at 809-10. Here, Plaintiff merely alleges a state-law claim for breach of

contract. Dkt. 1 at 3. Plaintiff does not allege any federal cause of action. Accordingly, Plaintiff has failed to establish federal question jurisdiction. *See*, *e.g.*, *Rhem v. Virginia Beach Police Dep't*, No. 2:17CV290, 2017 WL 4476837, at *1 (E.D. Va. July 12, 2017) (dismissing for lack of subject matter jurisdiction because "Plaintiff's Complaint does not specifically identify any federal claim that would allow this Court to exercise federal question jurisdiction"). Thus, in order to survive the motion to dismiss, Plaintiff's Complaint must plausibly establish diversity jurisdiction.

### 2. Diversity Jurisdiction

Diversity jurisdiction is established in cases where there is complete diversity of citizenship and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant." *Williams Farm P'ship, LLC v. Siegers Seed Co.*, 664 F. Supp. 2d 611, 613 (D.S.C. 2009) (citing *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999)). Here, there is not complete diversity of citizenship. Plaintiff alleges that he and Defendant Hilton are both Virginia residents, and fails to allege any citizenship for Defendant Nassetta. Dkt. 1 at 3-4. Therefore, Plaintiff has not met his burden of establishing complete diversity of citizenship, and this Court thus lacks subject matter jurisdiction.

\*    \*    \*

In sum, this Court has neither federal question jurisdiction nor diversity jurisdiction over the instant action. Accordingly, the Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

### B. Failure to State a Claim

Even if the Court had subject matter jurisdiction, Plaintiff's Complaint would still be subject to dismissal for failure to state a claim upon which relief could be granted. Under Virginia

law,[3] in order to support a breach of contract claim, "a plaintiff must sufficiently plead that (1) the defendant had a legally enforceable obligation, (2) the defendant failed to perform that obligation, and (3) the plaintiff was harmed as a result." *Ellison v. Inova Health Care Servs.*, No. 123CV00132MSNLRV, 2023 WL 6038016, at *8 (E.D. Va. Sept. 14, 2023) (citing *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016)). Here, Plaintiff alleges meager facts that do not state a plausible claim. Plaintiff does not allege facts establishing the existence of a contract between the parties, the terms of the contract, or how Defendant Hilton or Defendant Nassetta breached the contract. As Defendants state, Plaintiff "offers nothing but conclusory allegations." Dkt. 4 at 5. Accordingly Plaintiff's Complaint is also subject to dismissal on this separate basis.[4] *See Brandveen v. Litton*, No. 3:13CV243, 2013 WL 3552927, at *2 (E.D. Va. July 11, 2013) ("Regardless of the liberal construction afforded *pro se* filings, the Court must reject such conclusory allegations.").

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss (Dkt. 3) is GRANTED; Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

If Plaintiff so chooses, he may file an Amended Complaint within fourteen (14) days of this Memorandum Opinion and Order.

---

[3] It is not entirely clear what state law would apply to this dispute. Plaintiff asserts that both he and Defendant Hilton are residents of Virginia and neither Plaintiff nor Defendants have proposed any other law that might apply. However, it makes no material difference because, under any potentially applicable law, Plaintiff's allegations are too vague and conclusory to state a claim. *See Ashford v. Smith*, No. 1:22CV1189, 2023 WL 3901796, at *2 (E.D. Va. June 7, 2023) (dismissing *pro se* complaint because "the terse narrative renders [it] vague and conclusory").

[4] Because this Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, it will not address Defendants' other Rule 12(b) motions.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendants.

It is SO ORDERED.

Alexandria, Virginia
January 9, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge